20692

Ralph A. BELK, Respondent, v. NATIONWIDE MUTUAL INSUR-
ANCE COMPANY, Appellant.

(244 S. E. (2d) 744)

*Hayes, Brunson & Gatlin,* Rock Hill, *for appellant.*

*Holler, Gregory & McKellar,* Columbia, *for respondent.*

May 18, 1978.

LITTLEJOHN, Justice:

The respondent-insured, Ralph A. Belk (Belk), brought this declaratory judgment action to determine whether Nationwide Mutual Insurance Company (Nationwide) had breached an insurance contract by denying Belk coverage thereunder. In addition, Belk sought a judgment against Nationwide in the amount of $5,000.00, representing the coverage to which he claimed he was entitled, and an award of attorney's fees pursuant to § 38-9-320, Code of Laws of South Carolina (1976).

Belk was injured in an automobile collision while driving a 1971 Chevrolet pick-up truck. At the time of the accident, Belk was the named insured on two policies of automobile liability insurance written by Nationwide to cover his two vehicles. Policy No. 61B994963, referred to as "the first policy", insured his pick-up truck and provided for basic personal injury protection (PIP), as required by the statute, in the amount of $1,000.00, and optional additional personal

injury protection (APIP) in the amount of $4,000.00. Policy No. 61B994833, referred to as "the second policy", insured his passenger automobile and provided for the required basic PIP coverage of $1,000.00 and optional APIP coverage of $4,000.00. Nationwide paid Belk $5,000.00 PIP and APIP coverage under the first policy, but denied liability under the second policy. In his complaint, Belk alleged that he had incurred medical expenses and lost wages in excess of $10,000.00, and that Nationwide had breached its contract by refusing to pay $5,000.00 under the second policy.

The lower court held that since Belk's damages exceeded the maximum policy limits of the two policies combined, he was entitled to recover full PIP benefits of $1,000.00, and APIP benefits of $4,000.00, under the second policy. The court further held that Nationwide's refusal to pay Belk the PIP and APIP coverage under the second policy was "without reasonable cause", and ordered Nationwide to pay Belk his attorney's fees in the amount of $1,666.66, pursuant to Code § 38-9-320 (1976). Nationwide appeals.

The basic question before us is whether Belk is entitled to collect either basic PIP benefits and/or APIP benefits under the second policy, after having collected $5,000.00 under the first policy.

Section 56-11-110 of the 1976 Code provides that all automobile liability insurance policies must provide minimum medical, hospital and disability benefits in the amount of $1,000.00. Section 56-11-120 mandates that the insurer must additionally make available the same coverage described in § 56-11-110 at alternative benefit levels of $1,500.00, $2,000.00, $2,500.00, or $5,000.00, which may be obtained at the option of the insured for an added premium. This coverage is statutorily required, and may not be circumscribed or contractually limited.

Nationwide maintains that Belk is statutorily precluded by § 56-11-150 from recovering PIP or APIP benefits under

more than one insurance policy, and that the lower court erred in holding that Belk was entitled to any recovery under the second policy. Nationwide relies on subsection (a) of § 56-11-150, which states:

"Notwithstanding any other provision of this chapter, no person shall recover benefits under the coverages required in § 56-11-110 *from more than one such policy* of liability insurance or insurer on either a duplicate or supplemental basis." (Emphasis added.)

Belk submits that two premiums were paid and two coverages are proper. He argues that § 56-11-150 refers, at most, only to the basic PIP coverage required in § 56-11-110, and that § 56-11-150 should not be construed as prohibiting recovery of APIP benefits (§ 56-11-120) from more than one policy.

It is axiomatic that the primary function of the courts in interpreting statutes is to ascertain and give effect to the intention of the legislature. See cases cited in S. C. Digest, *Statutes,* Key No. 181(1). It has been well stated that

"[C]ourts have no legislative powers, and in the interpretation and construction of statutes their sole function is to determine, and within the constitutional limits of the legislative power to give effect to, the intention of the Legislature. They cannot read into a statute something that is not within the manifest intention of the Legislature as gathered from the statute itself. To depart from the meaning expressed by the words is to alter the statute, to legislate and not to interpret. The responsibility for the justice or wisdom of legislation rests with the Legislature, and it is the province of the courts to construe, not to make, the laws. . . ." *Laird v. Nationwide Ins. Co.,* 243 S. C. 388, 134 S. E. (2d) 206, 209 (1964).

Section 56-11-150 refers only to the coverage required in § 56-11-110, *i. e.,* the basic $1,000.00 PIP coverage. The limiting statute makes no reference

to APIP benefits which are required to be made available by § 56-11-120, and in the absence of legislative intention indicating otherwise, we refuse to hold that the legislature intended to prevent an insured from recovering APIP benefits under more than one policy.

Nationwide's argument that coverage under both policies is prohibited by certain contractual exclusions contained in the policy is without merit. In *Hamrick v. State Farm Mut. Auto Ins. Co.,* S. C., 241 S. E. (2d) 548 (1978), we stated:

"A policy of insurance issued pursuant to statutory law must at a minimum give the protection therein described. It may give more protection, but not less, and a policy issued will be interpreted by the court as supplying the protection which the legislature intended. *Jordan v. Aetna Cas. & Sur. Co.,* 264 S. C. 294, 214 S. E. (2d) 818 (1975)."

We hold that the lower court erred in concluding that Belk could recover the basic $1,000.00 PIP benefits under the second policy, but we affirm its award of the $4,000.00 APIP benefits under the second policy.

Attorney's fees are properly awarded only where the insurer's refusal to pay the claim was . . . "without reasonable cause or in bad faith." § 38-9-320, 1976 Code. In *Baker v. Pilot Life Ins. Co.,* 268 S. C. 609, 235 S. E. (2d) 300 (1977), we stated:

"The plaintiff would not necessarily be entitled to have his attorney's fees paid by the company merely because a verdict was directed in favor of the plaintiff. For example, the case might hinge on the interpretation of an ambiguous statute and the company might be justified in refusing to pay because the statute has never been interpreted. The interpretation of the statute might be so questionable as to justify a refusal to pay." 235 S. E. (2d) at 302.

We are of the view that the interpretation of § 56-11-150 was sufficiently questionable so as to justify Nationwide's refusal to pay the coverage provided under the second policy.

We affirm the judgment of the lower court insofar as it awarded Belk $4,000.00 APIP benefits under the second policy, but reverse the award of $1,000.00 PIP benefits under the second policy, and reverse the award of attorney's fees. It follows that no fee shall be awarded for participating in this appeal.

Affirmed in part;

Reversed in part.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.