## 20806

Louis MOULTRIE, Jr., a minor under the age of eighteen (18), by his guardian ad litem, Shirley Moultrie, Respondent, v. NORTH RIVER INSURANCE COMPANY, INCORPORATED, Appellant.

(249 S.E. (2d) 158)

*Young, Clement & Rivers,* Charleston, *for appellant.*

*Moss, Carter, Branton & Bailey,* Beaufort, *for respondent.*

Nov. 13, 1978.

LEWIS, Chief Justice:

Respondent was involved in an automobile accident with a vehicle operated by one English. English was at fault and his liability insurance carrier agreed upon a settlement with respondent in the amount of three thousand ($3,000.00) dollars, of which three hundred forty-six ($346.000) dollars represented medical expenses. Appellant was respondent's insurance carrier and its policy provided the minimum medical benefits required under Code Section 56-11-110. Although the settlement with the carrier of the tortfeasor included payment of respondent's medical expenses, respondent instituted this action to also recover from his insurance carrier his medical expenses in the amount of three hundred forty-six ($346.00) dollars.

After filing an answer, appellant moved for summary judgment on the ground that respondent would receive a *double recovery* if allowed to collect his medical expenses from both carriers. Appellant contended that such *double recovery* would be contrary to the intent and purpose of the 1974 South Carolina Reparation Reform Act of 1974 (Section 56-11-110 *et seq.,* 1976 Code of Laws), particularly Section 57-11-130(b). The motion for summary judgment was denied and this appeal followed. We affirm.

Code Section 56-11-110 provides that every policy or contract of automobile liability insurance must include minimum medical, hospital and disabilty benefits up to an amount of one thousand ($1,000.00) dollars for each person injured.

The last sentence of this code section states:

No benefit payable pursuant to this section shall be subject to subrogation or assignment except as provided for in Section 56-11-130(b).

Section 56-11-130(b), referred to in the above quotation is as follows:

(b) If a claimant *recovering* from his insurer the benefits for economic loss required by Section 56-11-110 (*supra*) shall bring action or make claim against another person who has furnished security pursuant to this chapter, such claimant may plead and prove in his action or claim against the other person the economic loss for which he has been reimbursed but after verdict in his favor the court shall reduce such verdict by the amount of the benefits paid for economic loss by the claimant's insurer and any voluntary settlement effected by or between the claimant and such other person or his insurer shall similarly be reduced in respect to expenses for economic loss previously recovered by the claimant from his insurer. (Emphasis added.)

Appellant, while conceding that the setoff provisions of Code Section 56-11-130(b) [quoted above] do not expressly bar the present claim, contends that the purpose and intent of that section is to "protect the public interest and to prevent double recovery" of benefits for economic loss required by Code Section 56-11-110. The language of the statute does not sustain appellant's contention.

Section 56-11-130(b) states that "if a claimant *recovering* from his insurer the benefits for economic loss . . . shall bring action . . . against another person . . . the court shall reduce such verdict by the amount of the benefits paid . . . by the claimant's insurer . . ." Thus the language of this section only requires a setoff by those persons who have already received benefits from their own carrier. There is obviously nothing in the section which precludes the recovery sought by respondent in this action.

As pointed out by the lower court, a literal reading of the statutory language indicates an intent that the tortfeasor was to be given credit for payment by the first party insurer, rather than the first party insurer getting the benefit of payment by the tortfeasor.

In the foregoing construction of the statute, we have followed the meaning expressed by the words used. Regardless of what the Legislature might have meant, the statutory language is clear and we are, in such cases, bound by it. *Belk v. Nationwide Mutual Insurance Co.*, S. C. 244 S. E. (2d) 744.

The judgment is accordingly affirmed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.