20976

Clifford M. ESLER, Jr., Appellant, v. UNITED SERVICES AUTO-MOBILE ASSOCIATION and Hartford Accident & Indemnity Company, Respondents.

(255 S. E. (2d) 676)

*Reese I. Joye, Jr.,* and *George J. Kefalos* of *Joye, Claypoole & Kefalos,* North Charleston, *for appellant.*

*Joseph R. Young* of *Young, Clement & Rivers,* Charleston, *for respondent U. S. Auto. Assn.;* and *Robert A. Patterson* of *Barnwell, Whaley, Stevenson & Patterson,* Charleston, *for respondent Hartford Acc. & Indem. Co.*

June 6, 1979.

Lewis, Chief Justice:

This action was brought by appellant, against respondents, United Services Automobile Association (USAA) and Hartford Accident and Indemnity Company (Hartford) for the recovery of personal injury protection (PIP) benefits under the first party coverage of the South Carolina Automobile Reparation Reform Act. Appeal is from an order of the lower court denying recovery. Our review of the facts follows, in general, that contained in the Statement.

On July 18, 1976, appellant was struck, while on his bicycle, by an automobile being operated by an insured of respondent Hartford. Appellant received serious injuries and settled with Hartford under its liability coverage for its insured in the amount of $15,000.00, the policy limits. Subsequently, appellant made application to Hartford for payment of its $1,000.00 statutory PIP coverage which was in effect on Hartford's insured. Hartford denied payment to appellant.

At the time of the collision, appellant had in effect one automobile policy with respondent USAA covering two automobiles. This policy provided personal injury protection in the amount of $2,500.00 for each car. Following the settlement of the third party claim with Hartford, appellant applied to USAA for payment of $5,000.00, constituting the combined total of the two PIP coverages provided by USAA in appellant's policy. USAA denied payment.

Thereafter, appellant instituted this action seeking recovery from Hartford in the amount of $1,000.00, constituting the minimum PIP coverage provided by law, together with statutory attorney's fees; and $5,000.00 from USAA, constituting the combined total of its additional PIP (APIP) coverages, together with statutory attorney's fees. Both respondents defended on the ground that a bicyclist was not included within the coverage required by the statute.

On cross motions for summary judgment, the lower court granted that made by respondents, holding that a bicyclist was not included as a beneficiary of the statutory PIP benefits.

The issues presented in this appeal are: (1) Whether a bicyclist, injured in a collision with a motor vehicle, is entitled to recover personal injury protection benefits (PIP) for the injuries received; and (2) Whether an insured who contracted for two APIP coverages could recover from both for injuries received in a motor vehicle collision.

We think the lower court was in error in holding that a bicyclist was not entitled to recover PIP benefits and, therefore, reverse.

Personal injury protection benefits are available to all persons injured in a collision with a motor vehicle except those expressly excluded by statute. See Code Section 56-11-110 (1976). According to Code Section 56-11-170 (1976), minimum PIP coverage may exclude from benefits any person who:

(a) intentionally causes the accident resulting in the injury; or

(b) is injured while operating or voluntarily riding in a vehicle known by him to be stolen; or

(c) is injured while in the commission of a felony or while in violation of Section 56-5-750;

(d) with respect to motorcycles, economic loss benefits required under Section 56-11-110 may be excluded or may be offered with deductions, options or with specific exclusions.

Bicyclists are not excluded from PIP coverage and should not have been excluded by implication by the trial judge. The lower court's interpretation is inconsistent with the spirit and purpose of the Automobile Reparation Reform Act of 1974, which contemplates recovery except in specifically excluded instances. Code Section 56-11-20 (1976).

The lower court erroneously focused on the word "pedestrian" contained in Code Section 56-11-110 (1976) and, reasoning that a bicyclist is not a pedestrian, concluded the legislature intended only persons on foot be afforded protection. This construction loses sight of the main text of Code Section 56-11-110 which provides:

The *benefits,* or their equivalent, *shall cover the named insured* and members of his family residing in his household, *except such persons as may be specifically excluded in accordance with law,* injured in any motor vehicle accident . . .. (Emphasis added.)

Thus it is unnecessary to determine whether bicyclist is included within the protection accorded to "pedestrians" under Code Section 56-11-110 (1976). A bicyclist is entitled to benefits under the prior quoted language of the statute since he is not "specifically excluded in accordance with law".

The lower court also concluded *Nationwide Mutual Insurance Company v. Bair,* 257 S. C. 551, 816 S. E. (2d) 410 prohibited appellant's attempt to stack two APIP cov-

erages. We disagree. The stacking of APIP benefits would be permitted under the authority of *Belk v. Nationwide Mutual Insurance Company*, 271 S. C. 24, 244 S. E. (2d) 744.

In *Bair*, we held under the particular statutory language that neither uninsured motorist nor medical payment benefits could be stacked under one insurance policy covering two automobiles. It was held that the statutory language involved in that case assures the coverage only to any one of the described automobiles which becomes involved in an accident, regardless of what liability may have accrued to the insurer by reason of other accidents involving other vehicles insured by the policy. The language there did not permit multiplying the coverage by the number of vehicles included under a single policy.

In *Belk*, we permitted an insured to recover APIP benefits from two policies where two premiums were paid. We, at the same time, denied the right to stack basic PIP benefits in such case because specific statutory language prohibited it. Stacking was permitted, however, in the case of additional optional PIP benefits because there was no prohibitory statutory language and two premiums were paid.

The crucial test to be applied in situations such as the present one is not the number of policies issued but rather the number of additional coverages which were separately contracted and paid for. Clearly in the instant case appellant contracted and paid for *additional* protection from respondent and should, therefore, be allowed the benefit of his bargain.

The right to attorney's fees is denied. The interpretation of the statutes, in the light of our prior decisions in *Bair* and *Belk*, was sufficiently questionable to justify respondents' refusal to pay.

We would accordingly reverse the order of the lower court and remand for entry of judgment for appellant (plaintiff) in accordance with the foregoing views.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.