0037

Nellie W. BUSBY, Respondent, v. STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, Appellant.

(312 S. E. (2d) 716)

Court of Appeals

*William O. Sweeny, III*, and *Nina Nelson Smith*, of *Nelson,
Mullins, Grier & Scarborough*, Columbia, *for appellant.*

*H. Jackson Gregory*, of *Gregory & Gregory*, Columbia, *for respondent.*

Jan. 9, 1984.

SANDERS, Chief Judge:

This suit for declaratory judgment was brought by respondent Busby against appellant State Farm Mutual Automobile Insurance Company. Busby was injured in an automobile accident while driving a rental car. As a result of the injuries sustained, she incurred medical expenses in excess of $2,000. The rental car was covered by an insurance policy providing basic personal injury protection (PIP) for its occupants in the amount of $1,000, as provided by section 56-11-110 of the Code of Laws of South Carolina (1976), as amended. At the time of the accident, Busby had in effect with State Farm an insurance policy on her own automobile which also provided $1,000 basic PIP coverage. Busby collected $1,000 in basic PIP benefits from the insurer of the rental car. She seeks by this action to collect an additional $1,000 from State Farm. The trial judge, in a well reasoned but unfortunately erroneous order, ruled she was entitled to do so. We reverse and remand.

Section 56-11-110 requires basic PIP benefits to be provided in all automobile liability insurance policies at the option of the insured.

Section 56-11-150 of the Code of Laws of South Carolina (1976), prohibits stacking of the basic PIP coverage required by section 56-11-110, providing:[1]

> (a) Notwithstanding any other provision of this chapter, *no person shall recover benefits under the coverages required in § 56-11-110 from more than one such policy of liability insurance or insurer* on either a duplicate or supplemental basis.

---

[1] The term "stacking" as used here means the adding of insurance benefits provided by separate insurance coverages, whether by different or the same insurance companies or policies of insurance.

In reviewing the law of stacking and the arguments and briefs of both parties, we are reminded of an observation made by Edgar Allen Poe. "In one case out of a hundred," he said, "a point is excessively discussed because it is obscure. In the 99 remaining, it is obscure because it is excessively discussed." This may also be applicable to our opinion here.

(b) As to any person *injured in an accident while occupying a motor vehicle for which the coverage required by § 56-11-110 is in effect,* and as to any person injured as a pedestrian by such a motor vehicle, *the benefits shall be payable by the insurer of the motor vehicle.*

(c) As to any person insured under a policy providing the coverage required by § 56-11-110 who is *injured in an accident while occupying* or struck as a pedestrian by *a motor vehicle for which such coverage is not in effect, the benefits shall be payable by the injured party's insurer providing such coverage.* (Emphasis added.)

In reviewing the three subsections of section 56-11-150, it is the obvious intent of the legislature not to allow stacking of basic PIP benefits. Subsection (a) expresses the general intent that payment of duplicate or supplemental benefits under two policies or from two insurers is prohibited. Subsection (b) provides that coverage for a person who is injured while occupying a motor vehicle involved in an accident will be the coverage provided by the insurer of the motor vehicle involved. Subsection (c) makes it clear that a person not in his own vehicle when injured can collect on his own insurance only if there is no basic PIP coverage in effect for the motor vehicle involved in the accident.

The language of section 56-11-150(c) plainly means that Busby cannot collect on her own insurance, since the rental car she was driving carried basic PIP coverage. Instead, she can only collect on the coverage of the rental car, as provided by subsection (b). She cannot collect benefits "supplemental" to those provided under the policy covering the rental car because this is prohibited by subsection (a).

Busby contends that section 56-11-150 is no longer applicable because a 1978 amendment to section 56-11-110 makes its coverage optional with the insured. Prior to 1978, basic PIP was a mandatory coverage in all automobile liability policies. Busby argues that since she has an option not to purchase the basic PIP coverage provided by section 56-11-110 after the 1978 amendment, its coverage is not "required." The trial judge adopted this reasoning in holding in favor of Busby. State Farm, on the other hand, contends that since it is required by section 56-11-110 to provide basic PIP coverage to Busby at her option, the prohibition of section 56-11-150

against stacking "required" benefits applies. Therefore, the question before us is simply whether, when the legislature said in section 56-11-150 that the benefits "required" by section 56-11-110 could not be stacked, it meant "required to be purchased by the insured" as the trial judge held, or "required to be provided by the insurer" as State Farm contends. We must construe these code sections differently than the trial judge construed them for two reasons.

## I

In construing statutory language the statute must be read as a whole. *State ex rel. Walker v. Sawyer*, 104 S. C. 342, 88 S. E. 894 (1916). Where the same word is used more than once in a statute it is presumed to have the same meaning throughout unless a different meaning is necessary to avoid an absurd result. *Pampanga Sugar Mills v. Trinidad*, 279 U. S. 211, 49 S. Ct. 308, 73 L. Ed. 665 (1929); *Wells v. Housing Authority of City of Wilmington*, 213 N. C. 744, 197 S. E. 693 (1938).

Section 56-11-150 was originally enacted as Article II, Section 4 of the Automobile Reparation Reform Act of 1974 (the Act). Other sections of that same statute plainly say what the legislature intended when it used the word "required" in section 56-11-110. Article I, Section 2, of the Act (codified as § 56-11-20) states in pertinent part:

> The purpose of this act is to *require* medical, surgical, funeral, and disability insurance *benefits to be provided without regard to fault* under motor vehicle policies that provide bodily injury and property damage liability insurance. . . . (Emphasis added.)

The italicized language says that the statute "requires" personal injury benefits *to be provided* on a "no fault" basis. Section 56-11-20 makes no distinction between mandatory basic PIP coverage and optional additional PIP coverage (APIP) both of which are contained in later sections of the Act and are required on a "no fault" basis. Obviously the coverages referred to are to be "provided" by insurance companies. Therefore, "require" refers to a requirement placed on the insurer, not the insured.

This interpretation is further reinforced by another section

of the statute, Article II, Section 9 (codified as § 56-11-200). That section, as codified, provides as follows:

> The security required under this chapter shall be a policy or policies written by insurers authorized to write such policies in South Carolina providing for at least (1) the minimum coverages specified in Article 7 of Chapter 9 and (2) *the benefits required under §§ 56-11-110, 56-11-120 and 56-11-150. . . .* (Emphasis added.)

Section 56-11-120, referred to here with code section 56-11-110 and 56-11-150, has provided, from the time it was first enacted, for APIP to be made available at the option of insured. Section 56-11-200 refers to both basic PIP and APIP coverages as "required." Obviously, the legislature must have meant "required" to mean "required to be provided by the insurer," since APIP has always been purchased only at the option of the insured.

## II

In order to affirm the trial judge, we would have to hold that no longer is any coverage "required" by section 56-11-110. This in turn would render section 56-11-150 totally meaningless, since it affects only the coverage "required in 56-11-110."[2] We cannot reach this result.

It must be presumed that the legislature intended to achieve a consistent body of law. In accord with this principle, subsequent legislation is not presumed to effectuate a repeal of existing law in the absence of expressed intent. Repeal by implication is not favored and can be found only where no reasonable construction can be given to two statutes, other than that they are in irreconcilable conflict with each other. 1 C. Sands, *Sutherland Statutory Construction* § 23.09 (4th Ed. 1972). *See also Lewis v. Gaddy,* 254 S. C. 66, 173 S. E. (2d) 376 (1970), which states the rule as follows:

---

[2] In oral argument, counsel for Busby contended section 56-11-150 would not be meaningless even after the coverage of section 56-11-110 was made optional, because it would still prohibit the collection of double benefits for the same losses. We do not subscribe to this argument. Section 56-11-150 only prohibits stacking of the coverage "required" by section 56-11-110. If, as counsel contends, no coverage is "required" by section 56-11-110, then section 56-11-150 prohibits nothing.

It is, of course, well settled that repeal by implication is not favored, and a law should not be construed as impliedly repealing a prior law unless no other reasonable construction can be applied. *See* cases collected in West's South Carolina Digest, Statutes, [Key No.] 157.

\* \* \* \* \* \*

Statues in pari materia ... have to be construed together and reconciled, if possible, so as to render both operative. *See* cases collected in West's South Carolina Digest, Statutes, [Key No.] 223.2 *Id.* at 70, 173 S. E. (2d) at 378.

The sections here are part of the same statute, thereby presenting an even stronger case that they be construed together and reconciled.

We must, therefore, conclude that the 1978 amendment to section 56-11-110 did not operate to repeal section 56-11-150 prohibiting the stacking of basic PIP benefits.

### III

Finally, we have examined two recent South Carolina cases relied upon by the lower court. *Belk v. Nationwide Mutual Insurance Company,* 271 S. C. 24, 244 S. E. (2d) 744 (1978), was cited for its holding that stacking is prohibited by section 56-11-150 only when the insured must purchase the coverage. In *Belk,* however, the court held only that section 56-11-150 did not prohibit stacking of APIP benefits provided by section 56-11-120:

Section 56-11-150 refers only to the coverage required in § 56-11-110, *i.e.,* the basic $1,000.00 PIP coverage. The limiting statute makes no reference to APIP benefits which are required to be made available by § 56-11-120, and in the absence of legislative intention indicating otherwise, we refuse to hold that the legislature intended to prevent an insured from recovering APIP benefits under more than one policy. *Id.* at 27, 244 S. E. (2d) at 746.

Therefore, the prohibition of section 56-11-150, held inapplicable in *Belk,* is applicable in the instant case. Even though section 56-11-110 was amended after *Belk,* section 56-11-150

prohibiting the stacking of basic PIP benefits was not repealed.

The lower court also relied on the "benefit of the bargain" test set out in *Esler v. United Services Automobile Association*, 273 S. C. 259, 255 S. E. (2d) 676 (1979). This case also involved the issue of stacking APIP benefits. The question presented was whether APIP benefits could be stacked when provided under the same policy of insurance. In *Esler*, the court cited *Belk* as holding:

> In *Belk*, we permitted an insured to recover APIP benefits from two policies where two premiums were paid. We, at the same time, denied the right to stack basic PIP benefits in such case because specific statutory language prohibited it. Stacking was permitted, however, in the case of additional optional PIP benefits because there was no prohibitory statutory language and two premiums were paid. *Id.* at 263, 255 S. E. (2d) at 679.

The court went on to hold that although the insured had purchased only one policy, he had contracted and paid for two APIP coverages and should be allowed by the benefit of his bargain to stack both APIP benefits. Once again however, *Esler*, like *Belk*, allowed only APIP benefits to be stacked. The court reasoned that while section 56-11-150 prohibits stacking basic PIP benefits, there is no similar prohibition against stacking APIP benefits. Therefore, *Esler* also does not support the position of Busby who here seeks to stack basic PIP benefits.

## IV

In summary, a review of the various provisions of the Act which contains these sections is helpful in understanding the somewhat confusing relationships which exist among them.

These sections are a part of the Automobile Reparation Reform Act of 1974 now codified as Chapter 11 of Title 56 of the Code. The first section (§ 56-11-10) of Chapter 11 states its title. The second section (§ 56-11-20) states the purpose of Chapter 11 is *"to require"* personal injury protection *"to be provided"* without regard to fault under motor vehicle policies. . . ." (Emphasis added.)

Other provisions of the Act go on *to require* these benefits *to*

*be provided* in two ways. Section 56-11-110, as originally enacted, *required* a $1,000 basic PIP benefit *to be provided* in every liability insurance policy. Another section (§ 56-11-120) *required* additional benefits (APIP) *to be provided* at the option of the insured. Section 56-11-200 refers to both the basic PIP benefits to be provided by section 56-11-110 and the APIP benefits to be provided by section 56-11-120 as being *"required."*

Section 56-11-150 prohibits stacking of basic PIP benefits required by section 56-11-110, but does not prohibit stacking of APIP benefits required by section 56-11-120. Section 56-11-110 was amended in 1978 to make basic PIP benefits, like APIP benefits, optional with the insured. However, section 56-11-150 was not repealed and, therefore, continues to prohibit stacking of basic PIP benefits. When the legislature made basic PIP coverage optional with the insured, it could have repealed section 56-11-150, thereby allowing such benefits to be stacked, but it did not.

This court has no legislative powers. In the interpretation of statutes our sole function is to determine and, within constitutional limits, give effect to the intention of the legislature. We must do this based upon the words of the statutes themselves. To do otherwise is to legislate, not interpret. The responsibility for the justice or wisdom of legislation rests exclusively with the legislature, whether or not we agree with the laws it enacts. *Merchants Mutual Insurance Company v. South Carolina Second Injury Fund,* 277 S. C. 604, 291 S. E. (2d) 667 (1982); *see also* cases compiled at West's South Carolina Digest, *Statutes,* Key No. 181(1). The legislature in its wisdom and view of justice can still repeal section 56-11-150, but this court cannot.

For these reasons, we hold section 56-11-150 expressly prohibits the stacking of basic PIP benefits provided by section 56-11-110. Accordingly, the judgment of the trial court is reversed and this case is remanded for judgment to be entered for respondent.

Reversed and remanded.

GARDNER and BELL, JJ., concur.