0105

SOUTH CAROLINA INSURANCE COMPANY, Appellant, v. Mattie B. BROWN, Jeffrey Anthony Brown, and Joyce Gibson, a minor over the age of fourteen (14) years, by her Guardian ad Litem, Gertrude Gibson, Respondents.

(313 S. E. (2d) 348)

Court of Appeals

*John A. Mason,* Columbia, *for appellant.*

*John D. Nielsen,* Winnsboro, *for respondent Gibson.*

Feb. 27, 1984.

GARDNER, Judge:

Appellant Insurance Company, by this declaratory judgment action, seeks an adjudication that an automobile liability policy it issued to respondent Mattie Brown was cancelled before December 26, 1979; on that date, Mattie Brown's son was in an accident in which a passenger, respondent Joyce Gibson, was injured. The appealed order held the policy to have been in full force and effect at the time of the accident. We affirm.

Insurance Company asserts that P.S.C., a premium finance company, effectively cancelled the liability insurance policy issued by Insurance Company to Mattie Brown. A premium finance company may, by compliance with Section 38-27-100, Code of Laws of South Carolina, 1976, and under the situation and circumstances set forth therein, cancel an insurance policy. *Piedmont Premium Service, Inc. v. South Carolina Insurance Co.,* 277 S. C. 99, 283 S. E. (2d) 828 (1981).

Pertinent parts of § 38-27-100 are:

*Cancellation of insurance contracts by premium service company.*

(a) When a premium service agreement contains a power of attorney enabling the company to cancel any insurance contract listed in the agreement, the insurance contract shall not be cancelled by the premium service company unless such cancellation is effectuated in accordance with this section.

(b) Not less than ten days' written notice shall be mailed to the insured of the intent of the premium finance company to cancel the insurance contract unless the default is cured within such ten day period.

(c) *Not less than five days after the expiration of such notice,* the premium service company may thereafter request in the name of the insured, cancellation of such

insurance contract *by mailing to the insurer a notice of cancellation,* and the insurance contract shall be cancelled as if such notice of cancellation had been submitted by the insured himself, but without requiring the return of the insurance contract. The premium service company shall also mail a notice of cancellation to the insured at his last address as set forth in its records, and such mailing shall constitute sufficient proof of delivery. (Emphasis ours.)

Where the language of a statute is clear and unambiguous, our courts must apply its literal meaning. *In re: The State v. Goolsby,* 278 S. C. 52, 292 S. E. (2d) 180 (1982). The above statute is clear and unambiguous. The clear intent of this statute is, as applied to this case, that (1) P.S.C. was required to mail a notice to Mrs. Brown of the arrearage and that, if not paid, P.S.C. would cancel the policy, and (2) in not less than 5 days after the expiration of such notice, notice of cancellation had to be mailed to the Insurance Company. We hold that P.S.C. did not comply with the second requirement.

Mattie Brown financed the subject policy with P.S.C. For purposes of this appeal, it is assumed that she failed to pay certain installments due on the premium loan. On November 16, 1979, P.S.C. mailed written notice to Mattie Brown that unless the arrearage were paid by November 26, 1979, P.S.C., as attorney in fact for Mattie Brown, would cancel the subject policy. On November 27, 1979, P.S.C. mailed Mattie Brown a notice that unless the arrearage was paid by December 4, 1979, the policy would be cancelled; this notice was entitled "Notice To Effect Cancellation." The "Notice To Effect Cancellation" was mailed one day after the expiration of the first notice and, therefore, is not in compliance with the statute which requires a five day waiting period. Additionally, the record shows that the "Notice To Effect Cancellation" was not addressed to Insurance Company; Insurance Company offered no evidence that the "Notice To Effect Cancellation" was mailed to Insurance Company as required by the statute. Applying the plain meaning of § 38-27-100 to the facts of this case, we hold that Mattie Brown's policy was not cancelled by P.S.C.

Either because of confusion about the applicable law or in an attempt to cancel the policy itself, Insurance Company, on December 11, 1979, mailed a notice to Mattie Brown that the policy would be cancelled on December 31, 1979, some five days after the accident. Section 38-37-1450, Code of Laws of South Carolina, 1976, provides that an insurance company, itself, may cancel an insurance policy by giving written notice of cancellation. In this case, the notice of cancellation mailed to Mattie Brown by Insurance Company was not mailed soon enough to cancel the policy before the accident and we so hold.

The appealed order mistakenly held that Mattie Brown's policy had not been cancelled because of non-compliance with § 38-37-1450, when in fact the order should have been based upon non-compliance with § 38-27-100. While this court does not agree with the reasoning of the appealed order, we do agree with the conclusion reached and affirm. Our courts have long held that a right decision upon a wrong ground will be affirmed. *State v. Goodstein,* 278 S. C. 125, 292 S. E. (2d) 791 (1982).

Insurance Company further contends that the trial court erred in permitting Mattie Brown to testify since she was in default. Discussion of this question is unnecessary since Mattie Brown's testimony does not relate to the facts upon which this decision is based.

We hold that P.S.C. did not comply with § 38-27-100(c) of the Code and the policy was in force on December 26, 1979, when the accident occurred.

Affirmed.

SANDERS, C. J., and BELL, J., concur.