0254

ASSOCIATES FINANCIAL SERVICES COMPANY OF SOUTH CARO-
LINA, INC., F/D/B/A Associates Discount Corporation, Appellant, v.
TRADE MART, INC., Joseph F. DeMates, Iris C. DeMates, Larry C.
Sloan, A/K/A L. C. Sloan and Angela M. Pechilis, Defendants, of whom
Angela M. Pechilis is, Respondent; ASSOCIATES FINANCIAL SER-
VICES COMPANY OF SOUTH CAROLINA, INC., F/D/B/A Associates
Discount Corporation, Appellant, v. TRADE MART, INC., Joseph F.
DeMates, Iris C. DeMates, Frank A. Taylor, A/K/A Frank B. Taylor and
Angela M. Pechilis, Defendants, of whom Angela M. Pechilis is,
Respondent.

(324 S. E. (2d) 317)

Court of Appeals

*Donald E. Rothwell*, of *Law Offices of Donald E. Rothwell*, Columbia, *for appellant.*

*James B. Richardson, Jr.*, of *Ham & Richardson*, Columbia, *for respondent.*

*Joe E. Berry, Jr.*, of *Berry, Dunbar & Woods*, Columbia, *for defendants DeMates, et al.*

*Anne McLain Johnson* of *Palmetto Legal Services*, Columbia, *for defendant Taylor.*

*Charles B. Bowers*, of *Palmetto Legal Services*, Columbia, *for defendant Sloan.*

Heard June 26, 1984.

Decided Sept. 10, 1984.

GARDNER, Judge:

This appeal is from an order sustaining a demurrer to a cross-complaint in a breach of contract action. We affirm.

The exceptions presented by appellant Associates Financial Services Company are not framed in accordance with Supreme Court Rule 4 § 6. We address the sole issue of whether the order sustaining the demurrer should be affirmed; this complies with the requirement that all exceptions necessary for decision are addressed by this court.

Trade Mart, Inc., a used car dealership, contracted with appellant Associates Financial Services of South Carolina, Inc. for the financing of its motor vehicles. Upon alleged default, Associates repossessed the vehicles and employed auctioneer Angela Pechilis to sell the vehicles at public auction. Pechilis had an advertisement printed in the newspaper containing the incorrect statement that the sale of the repossessed vehicles was court ordered.

The pleadings in this case are ill-framed and most unusual. Associates brought this action against Trade Mart for breach of contract, fraudulent misrepresentation and conspiracy. Trade Mart answered and counterclaimed alleging defamation resulting from the newspaper advertisement; then Associates successfully moved to join Pechilis as a party defendant, whereupon Associates filed a pleading entitled Reply and Counterclaim, by which they replied to the counterclaim of Trade Mart and attempted by cross-complaint to state a cause of action against Pechilis for defamation. The cross-complaint does not ask for indemnification for any verdict rendered against Associates in favor of Trade Mart because of Pechilis's advertisement; it alleged Pechilis defamed and injured Associates, itself, by the advertisement. This strange pleading creates a situation in which Associates' cross-complaint bears a "Siamese twin" relationship to the original complaint; Pechilis demurred to the cross-complaint alleging, *inter alia*, improper joinder of causes of action.

The trial judge sustained the demurrer on the basis that allegations in the cross-complaint are unrelated to the main cause of action. He relied on the "same transaction" rule as set forth in *Brown v. Quinn*, 220 S. C. 426, 68 S. E. (2d) 326 (1951) and *Bank of Augusta v. Satcher Motor Company*, 249 S. C. 53, 152 S. E. (2d) 676 (1967). We affirm the sustaining of the demurrer — but for a different reason.[1]

Under Code § 15-13-320(5), the defendant may demur to the complaint when it appears upon the face of the complaint that several causes of action have been improperly united. The test for determining whether causes

---

[1] A right decision upon a wrong ground will be affirmed. *South Carolina Ins. Co. v. Brown*, 280 S. C. 574, 313 S. E. (2d) 348 (S. C. App. 1984).

of action have been properly joined is two-pronged. The causes of action must arise out of the same transaction and each cause of action must affect all parties to the action. Section 15-15-10(1), South Carolina Code of Laws (1976) and *Clarke v. City of Greer*, 231 S. C. 327, 98 S. E. (2d) 751 (1957). *See also, Doctor v. Robert Lee, Inc.*, 215 S. C. 332, 55 S. E. (2d) 68 (1949); *Simon v. Strock*, 209 S. C. 134, 39 S. E. (2d) 209 (1946).

In its reply and cross-complaint, Associates requests an adjudication in its favor upon all causes of action against Trade Mart and also requests judgment against Pechilis for breach of contract and defamation. Viewing the cross-complaint as an additional cause of action in the original complaint, as we must, these causes of action are improperly joined. It is clear from the record that Trade Mart would not be affected by the action of Associates against Pechilis; thus, the cross-complaint must fall for improper joinder of causes of action.

Accordingly, the appealed order is

Affirmed.

BELL and CURETON, JJ., concur.