0441

Alain BENAT, Respondent, v. STATE FARM MUTUAL
INSURANCE COMPANY, Appellant.

(333 S. E. (2d) 57)

Court of Appeals

*Larry D. Estridge,* of *Wyche, Burgess, Freeman & Parham,* Greenville, *for appellant.*

*Douglas F. Patrick,* of *Foster, Covington & Patrick,* Greenville, *for respondent.*

Heard Jan. 21, 1985.

Decided April 16, 1985.

GARDNER, Judge:

This is an appeal from a judgment entered by the court sitting without a jury. The respondent Benat was struck by an automobile insured by State Farm Mutual Insurance Company (State Farm). Since Benat was a pedestrian, he was entitled to claim PIP coverage under the State Farm policy.

He filed a claim alleging lost wages and when State Farm refused payment, he brought this action. Benat prevailed in the lower court; State Farm appeals and we affirm.

The sole question on appeal is whether Benat is entitled to payment for loss of income. State Farm contends that its policy only covers income actually lost.

Benat's employer, Michelin Tire Co., had a wage continuation plan under which Benat received his full wage during the period when he was absent from work.

The trial court found that there was a loss of income and that under the collateral source rule, State Farm should not be entitled to avoid payment of his wages during this period. We agree but for different reasons. A correct decision on the wrong ground will be affirmed on appeal. *Associates Financial Services Co. of South Carolina, Inc. v. Trade Mart Inc.*, _____ S. C. _____, 324 S. E. (2d) 317 (S. C. App. 1984).

If the policy issued by State Farm provides less coverage than required by law, the policy will be interpreted as giving the full coverage required by law. *Belk v. Nationwide Mut. Ins. Co.*, 271 S. C. 24, 244 S. E. (2d) 744 (1978).

Benat argues that Section 56-11-150 provides the exclusive list of exceptions from the duty of a PIP insuror to pay benefits. We agree.

In reaching this conclusion *Belk, supra,* is dispositive. In that case the Supreme Court addressed the question of whether one could collect APIP benefits on the same accident from two policies. The court noted that the Section prohibited collecting from two PIP policies but was silent as to stacking APIP policies. The court then stated:

The limiting statute makes no reference to APIP benefits which are required to be made available by Section 56-11-120 and in the absence of legislative intention indicating otherwise we refuse to hold that the legislature intended to prevent an insured from recovering APIP benefits under more than one policy.

We note that Section 56-11-150 does prohibit recoveries from both PIP and Workers' Compensation, but is silent as to other collateral sources. Following the rationale of *Belk*, we hold that Benat was entitled to payment for loss of income.

It is the duty of this court to interpret the law. We have no legislative authority and cannot vary a statutory scheme and this is true no matter how logical the basis of the variance. *State v. Carrigan*, 328 S. E. (2d) 119 (S. C. App. 1985).

Affirmed.

SANDERS, C. J., and BELL, J., concur.