0587

Rose M. MOORE and Virginia T. Moore, Appellants, v.
GREENVILLE RESTAURANTS, INC., a corporation, Respondent.

(337 S. E. (2d) 892)

Court of Appeals

*George F. Townes*, of *The Finley Law Firm*, Pickens, *for appellants.*

*Robert C. Wilson*, Greenville, *for respondent.*

Heard Oct. 16, 1985.

Decided Dec. 2, 1985.

GARDNER, Judge:

Rose M. Moore and Virginia T. Moore (the lessors) brought this declaratory judgment action against Greenville Restaurants, Inc., (the lessee) to construe certain provisions of a lease which was originally between James and Otis Moore, as lessors and James Little, as lessee, of certain property on which a restaurant and the Wicked Bar and Lounge are now located. The rent for the leased property includes two percent of the gross bar sales. The lease states

that, "gross sales shall be interpreted as the aggregate amount of all sales in and through the restaurant (bar) ... and all other business done in or through the restaurant (bar) ... excepting: receipts from telephones, cigarette machines, music boxes and all other vending type machines excepting those vending food products." The issue of the case is whether money taken in by video game machines, which were not in existence at the time the lease was entered into in 1965, ought to be included under the words, "and all other vending type machines...." The appealed order found that it was the intent of the parties that video game machines would come within this exception. We affirm.

The trial judge, in reaching his decision, found the quoted language to be ambiguous; he then based the appealed order largely upon the rule that leases must be construed most strongly against the lessor. While the application of this rule may be doubtful because the attorneys for the original lessor and the original lessee collaborated in drawing the lease, we agree with the conclusion of the appealed order and affirm it. *See Associates Financial Services Co. of S. C. v. Trade Mart, Inc.*, 284 S. C. 1, 324 S. E. (2d) 317 (Ct. App. 1984).

We hold that by the use of the words "music boxes and all other vending type machines excepting those vending food products" no ambiguity was created. A music box furnishes entertainment just as a video game machine does. Music boxes and video games have another common characteristic, i.e., each is a coin operated machine. An accepted definition of the word "type" is "a kind, class or group having distinguishing characteristics in common." WEBSTER'S NEW TWENTIETH CENTURY DICTIONARY OF THE ENGLISH LANGUAGE UNABRIDGED 1978-1979 (2nd Ed. 1969). Using this definition of the word "type" we find no ambiguity in the language of the lease and hold that the video game machines, since they do not vend food products, come within the exceptions set forth in the lease. For this reason, the appealed order is affirmed.

Affirmed.

SHAW, J., and LITTLEJOHN, Acting J., concur.