0946

POTOMAC LEASING COMPANY, Appellant v. OTTS MARKET, INC. and Oscar E. Ott, a/k/a O.E. Ott, Respondents.

(358 S. E. (2d) 154)

Court of Appeals

*Jeffrey M. Butler* and *B. Ray Woodard*, of *Ackerman, Woodard & Butler*, Walterboro, *for appellant.*

*John F. Shuler*, of *Bryant, Fanning & Yarborough*, Orangeburg, *for respondents.*

Submitted Feb. 18, 1987.

Decided April 27, 1987.

GARDNER, Judge:

Potomac Leasing Company (Potomac) brought this action against Otts Market, Inc., (Otts Market) wherein it sought judgment for the full consideration of an alleged lease of personal property; the complaint contained a second cause of action against Oscar E. Ott (Ott) as guarantor. The case was referred to the Master-in-Equity, who rendered a judgment for Otts Market and Ott; on appeal to the circuit court, the

trial judge confirmed the Master's report and affirmed the Master's conclusion. The trial judge added that Potomac was entitled to possession of the personal property which was allegedly leased. Potomac appeals. We affirm.

The record reveals that Potomac is a foreign corporation with offices throughout the country and purchases leases from vendors who have arranged to lease personal property. Potomac furnishes its lease contract forms to various vendors who generate business for it. In the present case, the lease forms were supplied to Omni Specialty Equipment Company, Inc., (Omni) by Potomac.

Ott runs a small grocery, meat and beer business. One of Omni's salesmen, according to the undisputed testimony of Ott, went to Otts Market and discussed with Ott the placing of a frozen beverage machine in his store. According to Ott, the Omni salesman told him that his only obligation would be to purchase supplies for the machine "from them" and asked Ott to sign a document which would give Potomac the opportunity to reclaim the machine "in case anything would happen." Ott testified that he signed the document without reading it.

The document was a purported 36-month lease of several thousand words containing blank spaces for (1) the description of the leased property, (2) the monthly consideration for the lease, and (3) the name and address of the lessee. The undisputed evidence of record is that at the time Ott signed the alleged lease these spaces were blank. The Omni salesman took the incomplete lease form with him; Ott was not given a copy at the time he signed it.

The alleged lease contained provisions providing that (1) any prior agreement was merged into the written agreement and (2) "neither vendor nor any salesman is an agent of Lessor nor are they authorized to waive or alter the terms of this Lease. Their representation shall in no way affect Lessee or Lessor's rights or obligations as herein set forth."

The Master's report and the appealed order, in effect, found that (1) Ott was not bound by the non-waiver agreement, (2) Omni's representative was an agent of Potomac and (3) because of the representation of Omni's agent, there was no contract.

On appeal Potomac asserts that the merger agreement

and nonwaiver agreement of the contract were binding on Ott and, further, that after finding that the blank spaces of the contract form were left blank, the trial judge applied erroneous principles of law to this finding of fact.

In an action at law, on appeal of a case tried without a jury, the findings of fact of the judge will not be disturbed on appeal unless found to be without evidence which reasonably supports the judge's findings. The rule is the same whether the judge's findings are made with or without a reference. *Ward v. Woodward*, 287 S. C. 343, 338 S. E. (2d) 347 (Ct. App. 1985). Moreover a judgment of the trial court will be affirmed where it appears from the record that the merits of the cause have been fairly tried and determined and that substantial justice has been done. 5B C.J.S. *Appeal and Error* Section 1849 (1958). In this state it has long been recognized that a right decision based upon a wrong ground will be affirmed. *South Carolina Ins. Co. v. Brown*, 280 S. C. 574, 313 S. E. (2d) 348 (Ct. App. 1984). Additionally, the Supreme Court, or this court, may affirm a trial judge's decision on any ground appearing in the record and, hence, may affirm the trial judge's correct result even though he may have erred on some other ground. The reasoning adopted by the court below is not binding upon the Supreme Court if the record discloses a correct result. *Westbury v. Bauer*, 284 S. C. 385, 326 S. E. (2d) 151 (1985); *Goff v. Mills*, 279 S. C. 382, 308 S. E. (2d) 778 (1983).

We need not address the questions presented because the record reflects findings of act which support the judgment for defendants Ott and Otts Market. Potomac sued on a contract and failed to prove the existence of the contract; it is unnecessary for us to belabor the case beyond this conclusion.

It is well settled in South Carolina that in order for there to be a binding contract between parties, there must be a mutual manifestation of assent to the terms. Furthermore, the assent must be as to all the terms of the contract and some terms are considered indispensable to a binding contract. Among these are price, time and place. *Edens v. Laurel Hill, Inc.*, 271 S. C. 360, 247 S. E. (2d) 434 (1978).

A writing is incomplete as an agreement or a contract if blanks as to material matters are left in it, unless the omissions may be supplied from other parts of such writing or the blanks are subsequently and lawfully filled. 17 C.J.S. *Contracts* Section 65 (1963).

In the present case, it is undisputed that the space pertaining to the monthly rental to be paid, which was to be the consideration for the contract, was left blank and that it was not subsequently agreed to by Ott. For this reason, the lease (contract) is unenforceable, and we so hold.

Since Potomac failed to prove the existence of an enforceable lease (contract), it failed to prove its case; the judgment for Ott and Otts Market was, therefore, the right decision.

For the reasons stated, the appealed judgement is affirmed.

Affirmed.

SHAW and BELL, JJ., concur.