**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Stella Woodward, Appellant,

v.

Norfolk Southern Corporation and Norfolk Southern Railway Company, Mike Ford, Benjamin Aiken, and James Thornton, Defendants,

Of Which Norfolk Southern Corporation and Norfolk Southern Railway Company are the Respondents.

Appellate Case No. 2010-173687

———————————

Appeal From Aiken County
Doyet A. Early, III, Circuit Court Judge

———————————

Unpublished Opinion No. 2012-UP-638
Heard November 13, 2012 – Filed December 5, 2012

———————————

**AFFIRMED**

———————————

Stephen P. Groves, Sr., and Paul A. Dominick, both of Nexsen Pruet, LLC, of Charleston, for Appellant.

Ronald K. Wray, II, and Stephanie G. Flynn, both of Gallivan, White & Boyd, P.A., of Greenville, for Respondents.

_____

**PER CURIAM:**  This appeal arises out of Appellant Stella Woodward's negligence claim against Respondents Norfolk Southern Corporation and Norfolk Southern Railway Company (collectively "Norfolk Southern").  The trial court granted Norfolk Southern's motion for summary judgment.  On appeal, Woodward argues she presented sufficient evidence to demonstrate a genuine issue of material fact that (1) Norfolk Southern owed Woodward a duty of care, (2) Woodward's person and property were damaged by chlorine gas, and (3) Norfolk Southern's negligence was the proximate cause of Woodward's vehicle damages, yard vegetation damages, personal injuries, and inconvenience damages.  We affirm.

1.  As to whether Woodward sustained vehicle damages, yard vegetation damages, and personal injuries, we find Woodward failed to produce a scintilla of evidence to withstand summary judgment.  *See* Rule 56(c), SCRCP (noting summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *Prince v. Liberty Life Ins. Co.*, 390 S.C. 166, 169, 700 S.E.2d 280, 282 (Ct. App. 2010) ("In determining whether a genuine issue of fact exists, the evidence and all reasonable inferences from it must be viewed in the light most favorable to the nonmoving party."); Rule 56(e), SCRCP ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."); *Hall v. Fedor*, 349 S.C. 169, 175, 561 S.E.2d 654, 657 (Ct. App. 2002) ("Our appellate courts have interpreted Rule 56(e) to mean materials used to support or refute a motion for summary judgment must be those which would be admissible in evidence."); *Bailey v. Segars*, 346 S.C. 359, 366, 550 S.E.2d 910, 913 (Ct. App. 2001) ("To establish a cause of action for negligence, a plaintiff must prove the following three elements:  (1) a duty of care owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; and (3) damages proximately resulting from the breach of duty.").  As to vehicle damages, Woodward produced a receipt from Back 2 Basics service company for a car wash and cleaning with a handwritten note stating the cleaning was "due to chlorine evidence on car."  No affidavit or other authentication accompanied the receipt and, thus, the receipt was not admissible evidence to create a genuine issue of material fact.  *See* Rule 901(a), SCRE ("The requirement of authentication or identification as a condition

precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."). As to yard vegetation damages, Woodward proffered as evidence her own speculative assertion that chlorine gas came in the direction of her property, located approximately 3.75 miles away from the site of derailment. *See Strickland v. Madden*, 323 S.C. 63, 68, 448 S.E.2d 581, 584 (Ct. App. 1994) ("[A]n adverse party may not rely on the mere allegations in his pleadings to withstand a summary judgment motion, but must set forth specific facts showing there is a genuine issue for trial."). Additionally, Woodward offered her hearsay testimony that TrueGreen lawn service employees determined the vegetation had been affected by chlorine. *See* Rule 802, SCRE ("Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court of this State or by statute."); *Hall*, 349 S.C. at 175, 561 S.E.2d at 657 (holding "materials used to support or refute a motion for summary judgment must be those which would be admissible in evidence"). As to personal injuries, at the summary judgment hearing, Woodward's counsel affirmatively indicated the record lacked evidence from a medical standpoint that Woodward's injuries were more likely than not the proximate result of chlorine exposure. *See TNS Mills, Inc. v. S.C. Dep't of Revenue*, 331 S.C. 611, 617, 503 S.E.2d 471, 474 (1998) (finding "[a]n issue conceded in the lower court may not be argued on appeal"). The trial court relied on the concession of Woodward's counsel in its order granting summary judgment. Moreover, Woodward's counsel did not file a motion to alter or amend the order. *See Grant v. S.C. Coastal Council*, 319 S.C. 348, 356, 461 S.E.2d 388, 392 (1995) (holding that an inaccuracy in the trial court's order must be raised to the trial court by way of a Rule 59(e) motion to alter or amend the judgment). Because Woodward failed to present a scintilla of evidence that she incurred vehicle damages, yard vegetation damages, or personal injuries, her negligence cause of action fails as a matter of law. *See* Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal.").

2. Because Woodward's claims for personal injuries and property damages fail, we find she also failed to establish the requisite connection to physical damages to support her claim for inconvenience damages. *See* F. Patrick Hubbard & Robert L. Felix, *The South Carolina Law of Torts* 54 (4th ed. 2011) (noting that plaintiffs who suffer economic harm with no direct physical injury or direct relationship with the defendant may not be able to recover in negligence); *Potomac Leasing Co. v. Otts Market, Inc.*, 292 S.C. 603, 606, 358 S.E.2d 154, 156 (Ct. App. 1987)

(holding an appellate court "may affirm a trial judge's decision on any ground appearing in the record").

3.  As to Woodward's remaining issues on appeal, we decline to address these issues because the above findings are dispositive of the appeal.  *See Young v. Charleston Cnty. Sch. Dist.*, 397 S.C. 303, 311, 725 S.E.2d 107, 111 (2012) (declining to address additional remaining issues when the disposition of a prior issue was dispositive of the appeal).

**AFFIRMED.**

**FEW, C.J., and WILLIAMS and PIEPER, JJ., concur.**