**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Rodrick Tucker and Shakeyra Gilbert, Appellants,

v.

South Carolina Department of Social Services, Respondent.

Appellate Case No. 2016-001618

———————

Appeal From Laurens County
Eugene C. Griffith, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-071
Submitted October 5, 2017 – Filed February 7, 2018

———————

**AFFIRMED**

———————

Rodrick Tucker and Shakeyra Gilbert, pro se Appellants.

Ronald H. Colvin, of Ronald H. Colvin, PA of Spartanburg for Respondent.

———————

**PER CURIAM:** Rodrick Tucker and Shakeyra Gilbert (Appellants) appeal the circuit court's grant of summary judgment in their action against the South Carolina Department of Social Services (DSS). Appellants sued DSS under the South Carolina Tort Claims Act over its conduct during the removal of Appellants'

infant into emergency DSS custody. The infant was eventually returned to the custody of Appellant Gilbert and the case against Appellants was dismissed.

We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Law v. South Carolina Dept. of Corrections*, 368 S.C. 424, 434, 629 S.E.2d 642, 648 (2006) ("In determining whether any triable issues of fact exist for summary judgment purposes, the evidence and all the inferences which can be reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party."); *Rife v. Hitachi Constr. Mach. Co., Ltd.*, 363 S.C. 209, 214, 609 S.E.2d 565, 568 (Ct. App. 2005) ("[t]he nonmoving party must come forward with specific facts showing there is a genuine issue for trial."); *Ellis v. Davidson*, 358 S.C. 509, 518, 595 S.E.2d 817, 822 (Ct. App. 2004) (When reasonable minds cannot differ on plain, palpable, and indisputable facts, summary judgment should be granted.); Rule 56(c), SCRCP (A party is entitled to a judgment as a matter of law "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact."); *Jensen v. Anderson County Dept. of Social Services*, 304 S.C. 195, 203, 403 S.E.2d 615, 619 (1991) (DSS is under a "special duty . . . to investigate and intervene in cases where child abuse has been reported."); S.C. Code Ann. § 15-78-60 (23) (2005) (A governmental entity is not liable for a loss resulting from the institution or prosecution of any judicial proceeding.); *Potomac Leasing Co. v. Otts Market, Inc.*, 292 S.C. 603, 605, 358 S.E.2d 154, 156 (Ct. App. 1987) (Court of Appeals "may affirm a trial judge's decision on any ground appearing in the record"); *Law v. South Carolina Dept. of Corrections*, 368 S.C. 424, 435, 629 S.E.2d 642, 648 (2006) ("An action for malicious prosecution fails if the plaintiff cannot prove each of the required elements by a preponderance of the evidence, including malice and lack of probable cause."); *Swicegood v. Lott*, 379 S.C. 346, 351-52, 665 S.E.2d 211, 213 (Ct. App. 2008) ("The tort of abuse of process consists of two elements: an ulterior purpose, and a willful act in the use of the process that is not proper in the regular conduct of the proceeding.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and HUFF and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.