19790

James BETHEA, Appellant, v. The STATE of South Carolina, Respondent

(204 S. E. (2d) 12)

*Joseph T. McElveen, Jr., Esq.,* of Sumter, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Emmet H. Clair,* and *Robert M. Ariail, Asst. Attys. Gen.,* and *Stephen T. Savitz, Staff Atty.,* of Columbia, *for Respondent,*

March 19, 1974.

Moss, Chief Justice:

James Edward Bethea, the appellant herein, was indicted at the 1972 May term of the Court of General Sessions for Sumter County under three separate indictments, each charging him with armed robbery. The appellant, on May 10, 1972, entered a plea of guilty to each of the charges contained in the indictments. The Honorable Dan F. Laney, Jr., presiding judge, imposed sentences under and pursuant to Section 16-333 of the Code.

The appellant, on November 21, 1972, filed a petition for relief under the Uniform Post-Conviction Procedure Act, Section 17-601 *et seq.,* Supplement to the 1962 Code, alleging that he was improperly sentenced under Section 16-333 of the Code, when he should have been sentenced under the Youthful Offender Act Section 55-391 *et seq.,* Supplement to the 1962 Code. Thereafter, the trial judge dismissed the appellant's petition, thereby denying the relief sought. This appeal is from such order of dismissal.

At the time of sentence the appellant was twenty-two years of age, and his retained counsel requested the trial judge to sentence him under and pursuant to The Youthful Offender Act, which was refused.

Upon conviction of a youthful offender, Section 55-395 of the Code provides that the trial judge *may,* in his discretion, impose a sentence under sub-section (a), (b), (c), or (d) thereof. It is provided in subsection (d) that:

"If the court shall find that the youthful offender will not derive benefit from treatment, then the court may sentence the youthful offender under any other applicable penalty provision. The youthful offender shall be placed in the custody of the Department."

At the time of sentence the trial judge went fully into the appellant's past criminal record. This record showed that from the time the appellant was eleven years old until he had reached the age of twenty-two years, he had been guilty of petty larceny, shoplifting, unauthorized use of motor vehicles, two cases of robbery with force and second degree burglary and carrying a dangerous weapon. The record also shows that for at least one of the offenses he had been sentenced pursuant to the Federal Youthful Corrections Act in the District of Columbia. It also appears that at the time he committed the three armed robberies in Sumter County he was on parole for the crimes of second degree burglary and carrying a dangerous weapon. After reviewing the appellant's previous criminal and probationary record, the trial judge announced to him and his counsel, "I can't sentence him under The Youthful Offender Act." It is implicit from this finding that the trial judge concluded that the appellant would derive no benefit from being sentenced under The Youthful Offender Act.

The Act does not require that specific factual findings with respect to grant or denial of sentence thereunder be made a part of the record. *Ballard v. State,* 258 S. C. 91, 187 S. E. (2d) 224.

The appellant also argues that the trial judge's failure to sentence him under The Youthful Offender Act denied him the same protection and benefits afforded other youthful offenders under this Act, and, therefore, he was not accorded the equal protection of the law guaranteed by the Fourteenth Amendment to the Constitution of the United States. We do not agree.

In *Williams v. New York,* 337, U. S. 241, 69 S. Ct. 1079, 93 L. Ed. 1337, it was said:

"The belief no longer prevails that every offense in a like legal category calls for an identical punishment without regard to the past life and habits of a particular offender."

In *Williams v. Illinois,* 399 U. S. 235, 90 S. Ct. 2018, 26 L. Ed. (2d) 586, we find the following appropriate language:

"Sentencing judges are vested with wide discretion in the exceedingly difficult task of determining the appropriate punishment in the countless variety of situations that appear. The Constitution permits qualitative differences in meting out punishment and there is no requirement that two persons convicted of the same offense receive identical sentences."

The fact that one youthful offender is sentenced pursuant to the Act and another offender is not accorded the benefits of the Act does not give rise to a violation of the equal protection clause of the Constitution.

The Federal Youthful Corrections Act, 18 U. S. C., Section 5010(d) is similar in import to Section 55-395(d) of our Act. In construing the Federal Act, it has been held that the discretion granted judges to invoke the Act or to sentence under the offense statute is no greater in kind or degree than the traditional discretion of a sentencing judge, and there is no merit in the argument that the authority of a judge to impose alternate types of sentences is unconstitutional. *Guidry v. United States,* 5 Cir., 433 F. (2d)

968, and *Standley v. United States,* 9 Cir., 318 F. (2d) 700.

It follows that the trial judge's discretionary power to sentence the appellant under the offense statute rather than The Youthful Offender Act did not deny him equal protection of the laws as guaranteed by the Fourteenth Amendment of the United States Constitution.

The exceptions of the appellant are overruled and the judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.