21383

Billy Ray STRICKLAND, Appellant, v. STATE of South Carolina, Respondent.

(274 S. E. (2d) 430)

*Staff Atty. David W. Carpenter,* of *S. C. Commission of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Kay G. Crowe* and *Russell D. Ghent,* Columbia, and *Sol. Capers G. Barr, III,* Charleston, *for respondent.*

January 26, 1981.

LEWIS, Chief Justice:

The appellant was found guilty of reckless homicide ▮ and sentenced to five (5) years imprisonment. Although Notice of Intent to Appeal was filed, it was never perfected. Subsequently, an application for Post-Conviction Relief was filed. The lower Court judge found the appellant did not voluntarily and intelligently waive his right to appeal. Due to the evidentiary support for his finding, we now afford the appellant a review of alleged trial errors. See *DeLee v. Knight,* 266 S. C. 103, 221 S. E. (2d) 844

At the trial of his case, the appellant argued that the enactment of Code Sectiton 16-3-60, concerning involuntary manslaughter, repealed by implication Code Section 56-5-2910, concerning reckless homicide. The judge disagreed and we concur.

Section 56-5-2910 South Carolina Code of Laws (1976), was originally enacted in 1949. As relevant herein, it provides:

When the death of any person ensues within one year as a proximate result of injury received by the driving of any vehicle in *reckless disregard of the safety* of others, the person so operating such vehicle shall be guilty of reckless homicide . . . (Emphasis added.)

Some nineteen years later, the legislature enacted Section 16-3-60 which raises the level of criminal negligence for involuntary manslaughter. In other respects, the common law crime of involuntary manslaughter remains unchanged.

Section 16-3-60: With regard to the crime of involuntary manslaughter, criminal negligence is hereby defined as the *reckless disregard* of the safety of others . . . (Emphasis added.)

The appellant takes the position that this legislative action in raising the requisite level of intent for involuntary manslaughter repealed by implication the specific statutory offense of reckless homicide because it used the requisite level of intent previously used only in cases of reckless homicide. We disagree that the specific crime codified in Section 56-5-2910 has been repealed by the generalized provisions of Section 16-3-60.

It is well established in this State that statutes of a specific nature are not to be considered as repealed in whole or in part by a later general statute unless there is a direct reference to the former statute or the intent of the legislature to do so is explicitly implied therein. *State v. Harrelson, et al.,* 211 S. C. 11, 43 S. E. (2d) 593.

Although this Court has apparently not been confronted with the question of the repeal of a special act by a general act in the context of a criminal statute, we find the construction rule equally applicable since the

underlying reason for the rule applies with as much force in criminal matters. The rule of statutory construction, that repeal by implication is not favored and will not be indulged if there is any other reasonable construction, is applicable to statutes relating to crimes. 73 Am. Jur., (2d) Statutes, Section 418, page 522.

There is no direct reference to the reckless homicide statute to indicate an intent to repeal. Neither is there a sufficient implication. The fact that the new statute may cause the crime of involuntary manslaughter to have applicability in a situation where the former statute also applies, is not such evidence of legislative intent that we can say the repeal of the former specific statute is explicitly implied. Additionally, it is not enough to show that the two statutes produce different results when applied to the same factual situatiton. *U. S. v. Batchelder,* 442 U. S. 114, 99 S. Ct. 2198, 60 L. Ed. (2d) 755.

The appellant also argued at trial that the aforementioned statutes should be declared unconstitutional because they operate to provide different penalties for identical conduct. He argues the statutory scheme is constitutionally defective because it allows the solicitor to arbitrarily choose the section upon which to prosecute. We disagree.

In *Simmons v. State,* 264 S. C. 417, 215 S. E. (2d) 883, we considered a constitutional challenge to the ability of a solicitor to elect whether to prosecute an accused for murder, involuntary manslaughter, or reckless homicide. We indicated "the fact that a prosecuting attorney may select which of several offenses with which an accused may be charged is not constitutionally obnoxious." Recently, in *U. S. v. Batchelder, supra,* the U. S. Supreme Court rejected a due process and equal protection challenge to the ability of a prosecutor to elect between two statutes prohibiting ex-

actly the same conduct, but providing for different punishments.

A solicitor is routinely called upon to decide to prosecute under one of two statutes with varying elements. As noted by the Court in *Batchelder, supra,* once it is determined that conviction is possible under either statute, the context of the decision becomes indistinguishable from the situation of two statutes punishing exactly the same conduct. "The prosecutor may be influenced by the penalties available upon conviction but this fact alone does not give rise to a violation of the Equal Protectiton or Due Process Clauses." *Batchelder, supra,* 99 S. Ct. p. 2205.

Appellant also argues that, since the punishment for involuntary manslaughter, under Section 16-3-60, is two years and the punishment under Section 56-5-2910, for the indistinguishable offense of reckless homicide by means of an automobile is five (5) years, Section 56-5-2910 is unconstitutional in that it creates an arbitrary and unreasonable classification for purpose of punishment. In other words it is contended that, since the elements of both offenses are the same, there is no rational basis for carving out of the general class of reckless homicide offenders, for purposes of punishment, a class who commit homicide by means of an automobile.

The cases of *Batchelder, supra,* and *Bethea v. State,* 262 S. C. 255, 204 S. E. (2d) 12, are dispositive of the foregoing contentiton and require rejection of the argument that appellant is subjected to arbitrary discriminatiton under Section 56-5-2910.

The State has a legitimate interest in the safety of those using the public highways; and, in determining the range of punishment, may properly consider the large number of persons whose safety may be threatened by those operating a motor vehicle upon the highways in a reckless, wilful, and wanton manner. The exposure of the general

public to the dangers created by the reckless driver of a motor vehicle affords a rational basis for the punishment provisions of Section 56-5-2910.

Affirmed.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.