## 22143

The STATE, Respondent, v. Harry E. BODIFORD, Appellant.

(318 S. E. (2d) 567)

Supreme Court

*Alexander S. Macaulay* of *Miley, Macaulay, Day & Agnew,* Walhalla, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M.*

*Coombs, Jr.,* and *State Attys. Agnes Dale Moore* and *Susan A. Lake* and *Sol. James C. Anders,* Columbia, *for respondent.*

Submitted April 25, 1984.

Decided July 18, 1984.

*Per Curiam:*

Appellant was involved in a motorcycle accident resulting in the death of his passenger. He was charged with driving under the influence and was subsequently indicted for reckless homicide and involuntary manslaughter. He appeals the denial of his motion to quash the indictment. We affirm.

Appellant argues the circuit court was without subject matter jurisdiction because the offenses for which he was indicted were repealed by implication upon enactment of S. C. Code Ann. § 56-5-2945 (Supp. 1983). Section 56-5-2945 provides a penalty for inflicting injury or death while driving under the influence of drugs or alcohol.

Appellant's argument is without merit. Section 56-5-2945 does not expressly repeal the existing offenses of involuntary manslaughter and reckless homicide. Repeal by implication is not favored and will not be applied if there is any other reasonable construction of the statute. *Strickland v. State,* 276 S. C. 17, 274 S. E. (2d) 430 (1981); *In Re Shaw,* 274 S. C. 534, 265 S. E. (2d) 522 (1980). Section 56-5-2945 specifies driving under the influence as an element. Because this element is not required for involuntary manslaughter or reckless homicide, the new statute clearly creates a distinct offense. This construction indicates repeal by implication was not intended.

Accordingly, the judgment below is affirmed.