## 23165

The STATE, Respondent v. Terrance Jay WEBB, Appellant.

(389 S. E. (2d) 664)

Supreme Court

*Deputy Chief Atty. Elizabeth C. Fullwood, of S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr., Staff Atty. Miller W. Shealy, Jr.,* and *Sol. James C. Anders,* Columbia, *for respondent.*

Submitted Jan. 10, 1990.

Decided Feb. 26, 1990.

*Per Curiam:*

Appellant was convicted of two counts of murder arising out of an automobile accident. We affirm.

Appellant asserts that the trial judge should have directed a verdict on the murder counts because the enactment of S. C. Code Ann. § 56-5-2945 (Supp. 1988), creating the offense of felony driving under the influence (DUI), repealed by implication the offense of murder caused by the operation of a motor vehicle. We disagree.

Repeal of an offense by implication is not favored and will not be applied if there is any other reasonable construction of the statute. *State v. Bodiford*, 282 S. C. 378, 318 S. E. (2d) 567 (1984). Murder arising out of the operation of a motor vehicle is a crime in this State. *Simmons v. State*, 264 S. C. 417, 215 S. E. (2d) 883 (1975); *State v. Mouzon*, 231 S. C. 655, 99 S. E. (2d) 672 (1957). The offense of murder requires either express or implied malice aforethought. S. C. Code Ann. § 16-3-10 (1985).

Felony DUI requires proof that the vehicle was operated by a person who was under the influence. Malice is not an element of felony DUI. Murder, on the other hand, requires a showing of malice. While evidence of intoxication may be used to establish malice, murder arising out of the operation of a motor vehicle does not require proof that the driver was under the influence.

Because these offenses require different elements, they are distinct offenses. Therefore, felony DUI does not supplant the offense of murder caused by the use of a motor vehicle. *Cf. State v. King*, 289 S. C. 371, 346 S. E. (2d) 323 (1986); *State v. Bodiford, supra* (Felony DUI does not supplant offenses of involuntary manslaughter and reckless homicide). Therefore, the trial judge did not err in denying appellant's motion for a directed verdict on this ground.

Appellant's remaining exception is disposed of on procedural grounds pursuant to Supreme Court Rule 23. Accordingly, the judgment of the circuit court is

Affirmed.