23414

William Steven HAIR, Petitioner v. STATE of South Carolina, Respondent.

(406 S.E. (2d) 332)

Supreme Court

*Assistant Appellate Defender Robert M. Dudek*, of *S.C. Office of Appellate Defense*, Columbia, *for petitioner*.

*Attorney Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka*, and *Staff Atty. Marshall Prince*, Columbia, *for respondent*.

Submitted Jan. 22, 1991; Decided June 10, 1991.

Rehearing Denied Aug. 5, 1991.

HARWELL, Justice:

Petitioner William Steven Hair pled guilty to three counts of second degree burglary. Petitioner received a three year sentence on the first count and a consecutive four year sentence on the second count. On the third count, petitioner received a consecutive sentence of fifteen years; this sentence was to be suspended upon service of five years and five years probation. Petitioner did not take a direct appeal of his conviction. We granted petitioner's petition for writ of certiorari following the denial of his application for Post Conviction Relief (PCR). We reverse.

The sole issue on appeal is whether the PCR judge erred in finding that petitioner must serve one-third of his sentence before being eligible for parole. Petitioner argues that he should be eligible for parole after serving one-fourth of his sentence. We agree.

The offense of second degree burglary is codified in S.C. Code Ann. § 16-11-312 (1989), which provides two definitions of the offense, (A) and (B). Second degree burglary under subsection (A) is defined as entering a dwelling without consent and with intent to commit a crime therein. Under subsection (B), a person is guilty of second degree burglary if he enters a building without consent and with intent to commit a crime therein, and the burglary involves one of several enumerated aggravating circumstances. The State has stipulated that petitioner was sentenced under subsection (A). Subsection (C) of the statute provides that burglary under either subsection (A) or (B) is punishable by imprisonment for not more than fifteen years, provided that no person convicted of second degree burglary will be eligible for parole until service of one-third of the sentence.

Petitioner contends that the 1986 Omnibus Crime Bill, which was a comprehensive reform package enacted *after* the enactment of Section 16-11-312, provides him parole eligibility after serving one-fourth of his sentence. The Omnibus Crime Bill makes the length of the sentence that must be served before a prisoner is eligible for parole dependent on whether the offense is classified as violent or non-violent. S.C. Code Ann. § 24-21-610 (1989). While second degree burglary under Section 16-11-312(B) is specifically listed as a violent offense,

second degree burglary under Section 16-11-312(A) is not. S.C. Code Ann. § 16-1-60 (1989). Because second degree burglary under Section 16-11-312(A) is not listed as a violent offense under Section 16-1-60, it is classified as a non-violent offense. S.C. Code Ann. § 16-1-70 (1989).

Petitioner argues that Section 24-21-610, which sets parole eligibility at one-fourth for non-violent crimes, should supersede Section 16-11-312(C), which provides one-third parole eligibility for all burglary convictions. We find that these two statutory provisions are in direct conflict; they both speak to eligibility for parole for second degree burglary, but each provides for a different amount of time which a prisoner must serve before he is eligible for parole. The law clearly provides that if two statutes are in conflict, the latest statute passed should prevail so as to repeal the earlier statute to the extent of the repugnancy. *Yahnis Coastal, Inc. v. Stroh Brewery Co.*, 295 S.C. 243, 368 S.E. (2d) 64 (1988). Furthermore, when a statute is penal in nature, it is construed strictly against the State and in favor of the defendant. *State v. Cutler*, 274 S.C. 376, 264 S.E. (2d) 420 (1980). Since the provisions of the Omnibus Crime Bill were enacted after Section 16-11-312, we conclude that subsection (C) of Section 16-11-312 has been implicitly repealed.

If the legislature had wanted to exclude burglary in the second degree under Section 16-11-312(A) from the one-fourth parole eligibility classification, it could have done so by classifying it as a violent offense subject to one-third parole eligibility, as it did for burglary in the second degree under Section 16-11-312(B). Because the legislature chose not to do this, we find its intent to be clear; Section 24-21-610 was intended to replace Section 16-11-312(C) regarding the parole eligibility of a prisoner convicted of second degree burglary under Section 16-11-312(A).[1] Petitioner should be eligible for parole after he serves one-fourth of his sentence. Accordingly, the PCR judge's ruling is

Reversed.

CHANDLER and FINNEY, JJ., concur.

---

[1] We express no opinion regarding the parole eligibility requirements of any statutes enacted after the Omnibus Crime Bill.

GREGORY, C.J., and TOAL, J., dissenting in separate opinion.

TOAL, Justice (dissenting):

I respectfully dissent. I would affirm the PCR judge's conclusion that petitioner is not eligible for parole until he has served one-third of his sentence.

Petitioner Hair pled guilty to three counts of second degree burglary. The offense of second degree burglary is codified in S.C. Code Ann. § 16-11-312 (1989), which provides two definitions of the offense, contained within subsections (A) and (B). Second degree burglary under subsection (A) is defined as entering a dwelling without consent and with intent to commit a crime therein. Under subsection (B), a person is guilty of second degree burglary if he enters a building without consent and with intent to commit a crime therein, and the burglary involves one of several enumerated aggravating circumstances. The State has stipulated that petitioner was sentenced under subsection (A). Subsection (C) of the statute provides that burglary under either subsection (A) or (B) is punishable by imprisonment for not more than fifteen years, provided that no person convicted of second degree burglary will be eligible for parole until service of one-third of the sentence.

Hair contends that the 1986 Omnibus Crime Bill, which was a comprehensive reform package enacted after the passage of § 16-11-312, provides him parole eligibility after serving only one-fourth of his sentence. The Omnibus Crime Bill makes the length of the sentence that must be served before a prisoner is eligible for parole dependent on whether the offense is classified as violent or nonviolent. S.C. Code Ann. § 24-21-610 (1989). While second degree burglary under Section 16-11-312(*B*) is specifically listed as a violent offense, second degree burglary under Section 16-11-312(*A*) is not. S.C. Code Ann. § 16-1-60 (1989). Because second degree burglary under Section 16-11-312(A) is not listed as a violent offense under Section 16-1-60, it is classified as a nonviolent offense. S.C. Code Ann. § 16-1-70 (1989).

Hair argues § 24-21-610 (1989) of the Omnibus Crime Bill *mandates* that he is parole eligible after he has served one-fourth of his sentence and that the parole eligibility provision contained within § 16-11-312 (1989) stands implicitly repealed

by § 24-21-610. Section 24-21-610 (1989) specifically provides, in pertinent part:

> [F]or any [crime not classified as a violent crime under § 16-1-60] the prisoner shall have served *at least* one-fourth of the term of a sentence or if sentenced to life imprisonment or imprisonment for any period in excess of forty years, has served *at least* ten years [before he may be eligible for parole].

(emphasis added).

This Court stated in *Lewis v. Gaddy*, 254 S.C. 66, 70, 173 S.E. (2d) 376, 378 (1979): "[i]t is, of course, well settled that repeal by implication is not favored, and a law should not be construed as impliedly repealing a prior law unless no other reasonable construction can be applied." Our Court of Appeals has properly stated the rule thusly: "[r]epeal by implication is not favored and can be found only where no reasonable construction can be given to two statutes, other than that they are in irreconcilable conflict with each other." *Busby v. State Farm Mut. Auto. Ins. Co.*, 280 S.C. 330, 334, 312 S.E. (2d) 716, 719 (Ct. App. 1984).

This Court has also held the following, which is directly applicable to the instant case:

> It is well established in this State that statutes of a specific nature are not to be considered as repealed in whole or in part by a later general statute unless there is a direct reference to the former statute or the intent of the legislature to do so is explicitly implied therein.
>
> Although this Court has apparently not been confronted with the question of the repeal of a special act by a general act in the context of a criminal statute, we find the construction rule equally applicable since the underlying reason for the rule applies with as much force in criminal matters. The rule of statutory construction, that repeal by implication is not favored and will not be indulged if there is any other reasonable construction, is applicable to statutes relating to crimes.

*Strickland v. State*, 276 S.C. 17, 19-20, 274 S.E. (2d) 430, 432 (1981) (citations omitted).

Here, §§ 24-21-610 and 16-11-312 can be read together and

are not expressly in conflict. The § 24-21-610 requirement that a prisoner serve *at least* one-fourth of his sentence before becoming eligible for parole is not irreconcilable with the § 16-11-312 mandate that a prisoner serve one-third of his sentence before becoming parole eligible. I read the Omnibus Crime Bill language of § 24-21-610 as establishing a "floor" requirement of time served before parole eligibility may become possible. Nothing in § 24-21-610 prohibits the legislature from requiring that persons convicted of certain "nonviolent" crimes serve *more than* one-fourth of their sentence before becoming parole eligible. To reach a conclusion otherwise would ignore the existence of the words "at least" in § 24-21-610.

I became convinced of this harmonious reading of the statutes when my research revealed that other statutes have been passed *since* the Omnibus Crime Bill which contain specific parole eligibility requirements for the violation of certain other "nonviolent" (as defined by § 16-1-60) crimes. South Carolina Code Ann. § 16-15-395 (1989), enacted after the Omnibus Crime Bill, concerns the crime of first degree sexual exploitation of a minor. Section 16-15-395's sentencing provision reads:

> An individual who violates this section is guilty of a felony, and, upon conviction, must be imprisoned for not less than three years nor more than ten years. No part of the minimum sentence of imprisonment may be suspended nor is the individual convicted eligible for parole until he has served the minimum term of imprisonment.

Under the terms of this statute, even if a convict is sentenced to the maximum of ten years in prison, he is not eligible for parole until he has served three years. Three years is greater than one-fourth of ten years. Thus, § 16-15-395 requires that a person convicted of first degree sexual exploitation of a minor serve *more than* one-fourth of his sentence before he/she becomes parole eligible. Under Hair's argument, § 16-15-395 would be read to conflict with the Omnibus Crime Bill.

Similarly, § 16-15-405 (1989), concerning second degree sexual exploitation of a minor, provides for a minimum sentence of two years, a maximum of six years, and no parole

eligibility until at least the minimum sentence time (two years) has been served by the convict. Again, even if a person convicted of violating § 16-15-405 received the maximum six year sentence, he would not be eligible for parole until he had served two years, or one-third (*not* one-fourth) of his sentence. Under Hair's argument, § 16-15-405 would also be in conflict with the Omnibus Crime Bill.

South Carolina Code Ann. § 16-15-415 (1989) (similar to § 16-15-395, *supra)* concerns the offense of promoting prostitution of a minor, and also would, under Hair's argument, conflict with the Omnibus Crime Bill. It contains a minimum sentence of three years and a maximum of ten years, with no parole eligibility until the service of three years. Further, S.C. Code Ann. § 16-15-425 (1989), dealing with the offense of participating in the prostitution of a minor, mimics § 16-15-405's sentencing scheme of a two year minimum, a six year maximum, and no parole eligibility until two years time has been served. Thus, Hair would find § 16-15-425 to conflict with the Omnibus Crime Bill as well. I would decline to read the Omnibus Crime Bill so broadly. When the full text of § 24-21-610 is given effect, it does not conflict with any of the aforementioned statutes, including § 16-11-312.[1] I would hold that § 24-21-610 merely establishes a "floor" or minimum requirement of time served before a conflict becomes parole eligible. Section 24-21-610 provides the only parole eligibility requirements regarding the many "nonviolent" crimes which do not address parole eligibility. When a more specific statute does address parole eligibility, however, I would hold that such statute is to be given full

---

[1] I am mindful that § 24-21-610 states, in part, "[t]he provisions of this section do not affect the parole ineligibility provisions for murder, armed robbery, and drug trafficking. . . ." These three crimes are the only offenses classified as "violent crimes" under § 16-1-60 (1989) which contain their own parole eligibility sections. Section 24-21-610 therefore expressly provides that it has no impact upon any violent crime statute which addresses parole eligibility. The fact that § 24-21-610 does not address its impact upon "nonviolent" crimes with parole eligibility provisions does not persuade me in the least of Hair's argument in light of the fact that the several statutes discussed above which were passed after the Omnibus Crime Bill, and in light of the specific statutory language involved.

effect as long as it does not expressly conflict with § 24-21-610 in a manner which is irreconcilable.[2]

Accordingly, I would AFFIRM the PCR court's dismissal of Hair's application for post-conviction relief.

GREGORY, C.J., concurs.

---

[2] For example, where the burglary statute to provide for parole eligibility after the service of one-fifth of the sentence, I would find a clear conflict with § 24-21-610's requirement that a conflict serve at least one-fourth of his sentence before he is parole eligible.