23855

The STATE, Respondent v. Henry Lester ALLEN, Appellant.

(431 S.E. (2d) 563)

Supreme Court

*Asst. Appellate Defender Robert M. Pachak,* of the *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Asst. Attys. Gen. Harold M. Coombs, Jr., William Edgar Salter, III,* Columbia, and *Sol. Larry F. Grant,* York, *for respondent.*

Heard Oct. 13, 1992.

Decided May 10, 1993.

MOORE, Associate Justice:

Appellant was convicted of driving under the influence (DUI) pursuant to S.C. Code Ann. § 56-5-2930 (1991). The sole issue is whether § 56-5-2930 applies to DUI on a private road. We conclude it does and affirm.

## FACTS

On the day in question, appellant was at the home of a friend, Richard Tinker. The two were drinking beer. Tinker told appellant he was having a problem moving one of his pickup trucks because the vehicle would not go in reverse. Appellant offered to help.

The truck was parked in Tinker's driveway in front of a storage building. Appellant worked underneath the truck for a while then got in and started the engine. He put the truck into reverse and was revving the engine when the gears slipped. The truck shot forward striking the storage building. The storage building collapsed trapping appellant inside the truck.

Emergency personnel and a police officer arrived at the scene. The officer administered field sobriety tests after appellant was extricated from the truck and concluded appellant was intoxicated. Appellant was given a breathalyzer test which indicated his blood alcohol level was .24 percent.

## ISSUE

Whether § 56-5-6310 limits the application of § 56-5-2930 to private roads only upon the owner's written consent.

## DISCUSSION

Section 56-5-2930 makes it unlawful for any person under the influence of intoxicating liquor "to drive any vehicle within this State." Thus, § 56-5-2930 by its terms is not limited to public highways but applies anywhere within our State boundaries.

Further, § 56-5-20 provides:

> The provision[s] of this chapter [including § 56-5-2930] relating to the operation of vehicles refer exclusively to the operation of vehicles upon highways, except:
> (1) When a different place is specifically referred to in a given section; and
> (2) That the provisions of Articles 9 and 23 shall apply upon highways and elsewhere throughout the State.

Since § 59-5-2930 specifies enforceability "within this State," it is not limited to public highways under subsection (1) of § 56-5-20. Moreover, § 56-5-2930 is included in Article 23

which, under subsection (2) of § 56-5-20, applies not only to public highways but "elsewhere throughout the State." Thus, under either prong of § 56-5-20 our DUI law has unlimited application.

Appellant argues, however, that his DUI offense occurred on a "private road" which is defined in § 56-5-450:

Every way or place in private ownership and used for vehicular travel by the owner and those having express or implied permission from the owner but not by other persons is a "private road" or "driveway."

He contends the Uniform Act Regulating Traffic (UART), of which § 59-5-2930 is a part, is applicable to a private road only upon the owner's written consent under § 56-5-6310. We disagree.

Section 56-5-6310 provides in part:

The provisions of this chapter, comprising the Uniform Act Regulating Traffic on the highways in this state, *shall be applicable to private roads if the owner . . . shall file a written consent* stating that the undersigned is the owner of the private roads shown on an attached plat and consents to the application of the provisions of this chapter for purposes of highway safety on such private roads. (Emphasis added.)

This statute does not provide, as appellant contends, that the UART is applicable to private roads *only* upon the owner's consent; rather it simply provides a method by which provisions of the UART which are not automatically applicable may be made applicable to private roads. Section 56-2-2930 is automatically applicable to private roads irrespective of § 56-5-6310. This plain reading of § 56-5-6310 is further bolstered by § 56-5-6330 which provides that an owner's termination of consent to application of the UART "shall not effect those portions of this Chapter which apply to private roads irrespective of the provisions of this article."

Moreover, appellant's suggested construction of § 56-5-6310 leads to an absurd result which this Court is constrained to avoid in giving effect to legislative intent. *See Powell v. Red Carpet Lounge,* 280 S.C. 142, 311 S.E. (2d) 719 (1984). To construe § 56-5-6310 as appellant suggests would leave our DUI

law applicable to all property within the State, public or private, with the particular exception of private *roads*. Under this reasoning, a DUI offense committed on a property owner's driveway could not be prosecuted absent the owner's previous written consent but an offense committed on the abutting private property could. The legislature could not have intended such an exception to application of our DUI law.

Such an exception is also inconsistent with the legislative intent expressed in our implied consent statute, § 56-5-2950(a), which provides that "[a]ny person who operates a motor vehicle *in this State*" is deemed to have given consent to testing for the presence of drugs or alcohol. Clearly, the legislature specified unlimited application of the implied consent statute to complement the unlimited application of § 56-5-2930. The statutory scheme as a whole therefore supports our interpretation of § 56-5-6310.

Affirmed.

HARWELL, C.J., FINNEY and TOAL, JJ., and Acting Associate Justice BRUCE LITTLEJOHN, concur.