24050

William Mitchell STONE, Respondent/Appellant v.
The STATE (CITY OF ORANGEBURG), Appellant/Respondent.
(443 S.E. (2d) 544)

Supreme Court

*James F. Walsh, Jr.,* Orangeburg, *for appellant-respondent.*

*Clyde C. Dean, Jr.*, Orangeburg, *for respondent-appellant.*

Submitted Dec. 2, 1993.

Decided Apr. 18, 1994.

*Per Curiam:*

The circuit court held that respondent-appellant (Stone) could not be charged with leaving the scene of an accident in a parking lot which is not posted with notice that it is within police jurisdiction. We disagree and reverse.

Stone was convicted of leaving the scene of an accident which occurred in a privately owned parking lot. He was sentenced to pay a fine of $248. On appeal, the circuit court reversed the conviction and remanded for a new trial. Both Stone and appellant-respondent (the City) have appealed.

Pursuant to S.C. Code Ann. § 56-5-20 (1991), the provisions of the Uniform Act Regulation Traffic on Highways (the Act) "refer exclusively to the operation of vehicles upon highways, except: (1) When a different place is specifically referred to in a given section; and (2) That the provisions of Articles 9 and 23 shall apply upon highways and elsewhere throughout the State." Stone was charged with leaving the scene of an accident in violation of S.C. Code Ann. § 56-5-1240 (1991). That section is a part of Article 9 of the Act.

In 1976, the Legislature enacted S.C. Code Ann. § 23-1-15 (1989), which provides that parking lots open to use by the public are under police jurisdiction with regard to the unlawful operation of motor vehicles. That section requires signs to be posted informing the public of the police jurisdiction over the parking lot before the extension of police jurisdiction is effective. The parking lot in which the accident in this matter occurred did not have a sign posted indicating that it was within the police jurisdiction.

The circuit court found that § 23-1-15 was in conflict with § 56-5-20 and that, because it is a specific statute enacted after the general provisions of § 56-5-20, it prevails over § 56-5-20. Therefore, the court held that leaving the scene of an accident in a parking lot in violation of § 56-5-1240 could only be charged when the parking lot is posted with notice that it is within police jurisdiction. The City contends that this was error. We agree.

When two statutes are in conflict, the more recent and specific statute should prevail so as to repeal the earlier, general statute. *Higgins v. State,* 307 S.C. 446, 415 S.E. (2d) 799 (1992); *Hair v. State,* 305 S.C. 77, 406 S.E. (2d) 332 (1991). However, such repeal by implication is not favored and will not be applied if there is any other reasonable construction of the statute. *State v. Webb,* 301 S.C. 66, 389 S.E. (2d) 664 (1990); *State v. Bodiford,* 282 S.C. 378, 318 S.E. (2d) 567 (1984).

The primary rule of statutory construction is to ascertain and effectuate the intent of the Legislature. *Gilstrap v. South Carolina Budget and Control Board,* — S.C. —, 423 S.E. (2d) 101 (1992). This Court must avoid construing a statute so as to lead to an absurd result. *State v. Allen,* — S.C. —, 431 S.E. (2d) 563 (1993).

The clear purpose of § 23-1-15 was to expand the application of the Act so that those provisions which were not automatically applicable to parking lots would be applicable. *Cf. State v. Allen, supra.* If that section were construed to repeal the allegedly inconsistent provision of § 56-5-20, it would lead to the absurd result that the offenses in Article 9 and 23, which have been applicable throughout the State, are now applicable everywhere in the State except in parking lots where no notice of police jurisdiction is posted. This was clearly not the intention of the Legislature.

The two sections can be read together to mean that the provisions of Articles 9 and 23 of the Act apply throughout the State, including all parking lots, and that the remaining provisions of the Act are only applicable to parking lots which are posted. Therefore, the circuit court erred in finding that § 23-1-15 precluded a charge for leaving the scene of an accident in a nonposted parking lot.

Because we find that the order of the circuit court is erroneous, there is no need to address the issue raised by Stone in his appellant's brief as to the propriety of remanding the matter for a new trial.

Reversed.