**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kevin L. Fowler, Respondent,

v.

South Carolina Department of Corrections, Appellant.

Appellate Case No. 2014-002040

Appeal From The Administrative Law Court
S. Phillip Lenski, Administrative Law Judge

Unpublished Opinion No. 2015-UP-517
Submitted September 1, 2015 – Filed November 12, 2015

**AFFIRMED**

Daniel John Crooks, III, of the South Carolina
Department of Corrections, of Columbia, for Appellant.

Tommy Arthur Thomas, of Irmo, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 44-53-370(b)(1) (Supp. 2014) (specifying a person convicted of distribution of heroin, second offense, "is eligible for parole, supervised furlough, community supervision, work release, work credits, education credits, and good conduct credits," "[n]otwithstanding any other provision of law"

(enacted by 2010 S.C. Acts No. 273, § 37)); 2010 S.C. Acts No. 273, § 66 (providing an effective date of June 2, 2010); *Barton v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 404 S.C. 395, 416 n.9, 745 S.E.2d 110, 121 n.9 (2013) (stating courts construe statutes that are penal in nature "strictly in favor of the defendant and against the State" (internal quotation marks and citation omitted)); *Spectre, LLC v. S.C. Dep't of Health & Envtl. Control*, 386 S.C. 357, 372, 688 S.E.2d 844, 852 (2010) ("Where there is one statute addressing an issue in general terms and another statute dealing with the identical issue in a more specific and definite manner, the more specific statute will be considered an exception to, or a qualifier of, the general statute and given such effect."); *Ventures S.C., LLC v. S.C. Dep't of Revenue*, 378 S.C. 5, 9, 661 S.E.2d 339, 341 (2008) ("[T]he [c]ourt will reject the plain meaning of the words used in a statute if it would lead to an absurd result and will construe the statute so as to escape the absurdity and carry the intention into effect." (internal quotation marks and citation omitted)); *Hair v. State*, 305 S.C. 77, 79, 406 S.E.2d 332, 334 (1991) ("The law clearly provides that if two statutes are in conflict, the latest statute passed should prevail so as to repeal the earlier statute to the extent of the repugnancy.").

**AFFIRMED.**[1]

**SHORT, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.